Linda Gayle Smith v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-190-CR

     LINDA GAYLE SMITH,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 97-02-11759 BCCR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On November 28, 1994, the appellant, Linda Gayle Smith, pled guilty to the felony offense
of delivery of a dangerous drug, and the trial court assessed the agreed punishment of 10 years’
incarceration in the Institutional Division of the Texas Department of Criminal Justice, probated
for 10 years. On February 24, 1997, the State filed a motion to revoke Smith’s community
supervision, alleging that she had violated several of the terms of her probated sentence. The trial
court granted the State’s motion and revoked Smith’s community supervision on May 30, 1997. 
Smith filed a notice of appeal on June 16, 1997.
      The transcript was filed on July 9, and the statement of facts was filed on July 16. Smith’s
brief was due on August 15. Not receiving a brief or an extension for time to file a brief, we sent
a letter to Smith’s attorney on August 20, informing him that he must file his brief within 10 days
of the letter or the cause would be abated to the trial court for a hearing on whether Smith was
receiving ineffective assistance from her counsel. Those 10 days passed and no brief or an
extension to file a brief was filed. We therefore abated this cause on October 8, 1997. 
Furthermore, on September 17, Smith’s attorney filed a motion to voluntarily dismiss Smith’s
appeal. Because the motion was not signed by both Smith and her attorney as is required by Rule
42.2(a), we denied the motion. A proper motion to voluntarily dismiss Smith’s appeal has now
been filed.
      The appellate rule governing voluntary dismissals in criminal appeals states:
At any time before the appellate court’s decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk. . . .

Tex. R. App. P. 42.2(a).

      We have not issued a decision in this appeal. The motion is signed by both Smith and her
attorney. Thus, the motion meets the requirements of the rules and is granted.
      Smith's appeal is dismissed.
                                                                               PER CURIAM

Before   Chief Justice Davis, 
            Justice Cummings, and
            Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed November 5, 1997
Do not publish



tyle="font-size: 12pt">      K. B. testified that she could see Kellis’s hand "pretty good," but she acknowledged that the
lights and television in the room were off and that there was no open window. She indicated that
she was not sure where the light was coming from, but that it was probably coming from the
kitchen, the living room, or "something." She also stated that Kellis could have been asleep when
it happened.
      Don Worsham, an investigating officer with the West Columbia Police Department, testified
that on September 11, 2000, he received a call from Ray Beach, K. B.'s father, concerning this
event. He indicated that he, accompanied by a victim advocate, obtained from K. B. a handwritten
copy in her words of what had occurred. He stated that Ray Beach's wife provided him with a
written statement that she had prepared in advance. He said that he did not obtain a statement
from Ray Beach. Worsham acknowledged that he did not go to Ray Beach's residence until
September 18, 2000.
      Detective Worsham testified that allegations concerning sexual abuse of children require
special care, but that he felt he could interview K. B. because of her age, which was 14 at the time
of the event and 15 at the time of the interview. He stated that he felt he was qualified to do so
because he had taken many statements on many other criminal cases in his career. He
acknowledged that he had received no specialized training with regard to the investigation of
sexual abuse of children.
      Ray Beech, K. B.’s father, testified that he kept a calendar showing when K. B. stayed with
her mother. He stated that the only two days in 2000 that she stayed with her mother were
January 8 and April 29.
      In urging that the evidence is insufficient, Kellis mentions that Officer Worsham responded
a week after he received a call about the event, which was six months after the event occurred;
that Officer Worsham coached K. B. on the exact details and revised her statement with the
specific intent of making his case; and that he never interviewed Kellis or investigated further. 
He also points to inconsistencies or defects in K. B.'s testimony, including her ability to see
clearly in a darkened room; the discrepancy as to whether the event occurred in mid-March or
April; and the fact that she indicated that Kellis could have been asleep when the event occurred.
      Concerning these matters, we would point out that a reasonable jury could have determined
the following from the evidence: Officer Worsham’s delay in responding to Ray Beach’s call was
because he was the only investigator for the West Columbia Police Department; K. B. delayed in
reporting what occurred because she did not think her mother would believe her and she did not
want to disrupt her mother’s family; it was K. B., not Officer Worsham, who indicated that Kellis
touched her on her private part and Officer Worsham, in supplying the word “vagina” and
inserting it in the statement, was simply stating in other words what K. B. had indicated; Officer
Worsham made a reasonable effort to contact Kellis about the event; the bedroom where the
incident occurred was illuminated by light from another room; the event could have occurred as
related by K. B., even though she could not recall the specific date six months later; and Kellis
was not asleep, given the fact that he was masturbating during the event. Having considered these
matters raised by Kellis, we find that they do not indicate that the proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or that the proof of guilt is greatly
outweighed by contrary proof. We hold the evidence is legally and factually sufficient to support
the conviction, and overrule issue one.
      Kellis insists in issue two that the trial court erred by allowing the State on two occasions in
its argument on punishment to urge that the jury punish him for both the offense for which he was
on trial as well as a prior offense. Inasmuch as Kellis did not object to either argument, nothing
is presented for review. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Kellis’s
statement in his brief that he objected to these arguments is unsupported by the record. We
overrule issue two.
      The judgment is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed December 18, 2002
Do not publish
[CR25]